PROB 12C  
(06/17)

May 26, 2021  
pacts id: 5975713

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

8:21-mj-00577-DUTY

**Name of Offender:** Kevin Daniel Ceja-Cortes (English)     **Dkt. No.:** 19CR00904-001-JM

**Reg. No.:** 73953-298

**Name of Sentencing Judicial Officer:** The Honorable Jeffrey T. Miller, Senior U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C felony.

**Date of Revocation Sentence:** April 16, 2021

**Sentence:** Time served (209 days' custody); 24 months' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.) (Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** April 30, 2021

**Asst. U.S. Atty.:** Carlos Arguello       **Defense Counsel:** Robert H Rexrode, III  
(Appointed)  
(619) 630-4435

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

U.S. MARSHALS-S/CA RECEIVED 2021 MAY 27 PM 12:30

PROB12(C)

| | |
|---|---|
| Name of Offender: Kevin Daniel Ceja-Cortes | May 26, 2021 |
| Docket No.: 19CR00904-001-JM | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

### CONDITION(S)

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

### ALLEGATION(S) OF NONCOMPLIANCE

1. On May 17, 2021, Mr. Ceja-Cortes failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the United States Probation Office, as required.

***Grounds for Revocation:*** As to Allegation 1, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms that on May 17, 2021, Mr. Ceja-Cortes failed to submit a urine sample, as required. On May 7, 2021, the probation officer reviewed written instructions for drug testing with Mr. Ceja-Cortes, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Ceja-Cortes was instructed to call the drug testing line after 8:15PM the day before each drug testing day to hear if he were to report for testing, if instructed in the automated testing line. Testing days are Monday through Friday. At this juncture, the offender has stopped calling the drug testing line.

**(Special Condition)**
Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 30 days (non-punitive).

2. On May 13, 2021, Mr. Ceja-Cortes was unsuccessfully terminated from the residential re-entry center (RRC), CoreCivic, as evidenced by the Termination Notice, dated May 19, 2020.

***Grounds for Revocation:*** As to Allegation 2, I have received and reviewed the Termination Notice from the Case Manager Supervisor at CoreCivic, which confirms the following: On May 13, 2021, Mr. Ceja-Cortes disobeyed a direct order from staff thereby refusing to conform to facility regulations, more specifically he refused to submit his fingerprints, currently a mandatory and standard procedure at the RRC. Program staff further explained to the Mr. Ceja-Cortes that failure to submit his fingerprints would result in his termination from the facility, yet he refused to submit his fingerprints.

PROB12(C)
Name of Offender: Kevin Daniel Ceja-Cortes  May 26, 2021
Docket No.: 19CR00904-001-JM  Page 3

---

**(Standard Condition)**
The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

3. On or about May 14, 2021, Mr. Ceja-Cortes changed his place of residence without notifying the probation officer, as directed. His current whereabouts is unknown.

***Grounds for Revocation:*** As to Allegation 3, on May 14, 2021, Mr. Ceja-Cortes reported he had been unsuccessfully terminated from the RRC after having a dispute with program staff. He advised to attempt to get into one of the three residential drug treatment programs, which he had already been in contact with, and instructed to provide his whereabouts to the undersigned at the end of the day. Mr. Ceja-Cortes has failed to provide his current place of residence and his whereabouts is unknown.

**(Standard Condition)**
After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

4. On May 17, 2021, Mr. Ceja-Cortes failed to report to the probation officer as instructed on May 14, 2021.

***Grounds for Revocation:*** As to Allegation 4, Mr. Ceja-Cortes was instructed to report to the undersigned (by phone) on Monday, May 17, 2021, and continue to do so every Monday until further notice. However, he failed to report on said date and is no longer reporting to the probation officer.

PROB12(C)
Name of Offender: Kevin Daniel Ceja-Cortes          May 26, 2021
Docket No.: 19CR00904-001-JM          Page 4

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following Mr. Ceja-Cortes' last Order to Show Cause hearing on April 16, 2021, he was released from federal custody after serving a time served sentence and entered the RRC. At the initial supervision interview, we discussed his prior struggles with his drug addiction as well as his need to adhere to all terms and conditions of supervision, to include residential drug treatment. The offender seemed motivated and eager to enroll in residential drug treatment services and stated he would follow through with placing his name on the waiting list for various residential drug treatment programs. However, on May 13, 2021, as alleged in this petition, he was terminated from the RRC for failure to adhere to facility rules and regulations. As such, court intervention is necessary via a no-bench bench warrant for the purpose of addressing Mr. Ceja-Cortes' violation conduct. His adjustment to supervision is poor and once more he has absconded from supervision.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Records reflect that prior to Mr. Ceja-Cortes' arrest in the instant offense, he was working full-time as a landscaper. Prior to working as a landscaper, he worked as a framer for a framing company. The undersigned has no record of the offender being employed since his initial release from custody on July 13, 2020.

Mr. Ceja-Cortes was previously diagnosed with Bipolar Disorder and has struggled with his substance abuse issues. His record of arrests and prosecutions (RAP) sheet dates to 2006 (age 11) and contains for the most part serious, violent offense: brandishing a knife, battery, possession of firearms/ammunition, robbery, voluntary manslaughter (age 16 and convicted as an adult), street gang enhancements, DUI, evading, obstruction, and assaults. It is worth mentioning that his violent behavior dates to him being 11 years old, wherein he threatened to stab another elementary school student. Mr. Ceja-Cortes has been under the juvenile supervision, county probation and state parole.

According to the pre-sentence report prepared in the underlying matter, Mr. Ceja-Cortes's criminal offenses reflect that he is a member of the Lopers criminal street gang (Orange County, Santa Ana area). His moniker is "Rabbit." Several of his criminal charges and convictions include *street gang enhancements*.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to report for drug testing, failure to comply with drug testing requirements, failure to reside at the RRC, failure to report change of address, and failure to report to the probation officer) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

PROB12(C)

| | |
|---|---|
| Name of Offender: Kevin Daniel Ceja-Cortes | May 26, 2021 |
| Docket No.: 19CR00904-001-JM | Page 5 |

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure . . . an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3565(a)(2).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. *The court has imposed an aggregate of 317 days' custody in this case. 18 U.S.C. § 3583(b).*

## JUSTIFICATION FOR BENCH WARRANT

Based on his prior criminal record, history of violence, Mr. Ceja-Cortes poses a risk to the general community. The presentence report reflects he has strong ties to Mexico, making him a risk for flight. Of additional concern is that Mr. Ceja-Cortes has a history of substance abuse and mental illness, both of which are not being monitored at this time. A no-bail bench warrant is recommended as Mr. Ceja-Cortes has made himself unavailable for supervision.

## RECOMMENDATION/JUSTIFICATION

Mr. Ceja-Cortes has breached the trust of the Court and must be held accountable for his conduct. He has clearly not taken advantage of the opportunities this Court has graciously afforded him. Mr. Ceja-Cortes made minimal efforts towards complying with his supervised release conditions. Furthermore, all attempts to steer him towards a more prosocial lifestyle has been derailed when Mr. Ceja-Cortes failed to follow through with directives and needed treatment services. The probation officer realizes the offender faces challenges, nonetheless, it is concerning that upon his release from custody this time, he did not follow through with the most basic instructions, which was to reside at the RRC; instead, he purposely got himself terminated.

PROB12(C)
Name of Offender: Kevin Daniel Ceja-Cortes  
Docket No.: 19CR00904-001-JM

May 26, 2021  
Page 6

Considering this offender's conduct herein, should the Court find Mr. Ceja-Cortes in violation of his supervised release conditions, this officer respectfully recommends that supervised release be revoked, and a custodial sentence of 12 months be imposed with no further supervised release. It is also hoped that Mr. Ceja-Cortes can find the strength and fortitude to address his mental health and substance abuse issues in his own terms upon his release from custody.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: May 26, 2021

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

by   *[signature]*  
Carlos Hernández  
Senior U.S. Probation Officer  
(619) 446-3541

Reviewed and approved:

*[signature]*  
Larry Huerta  
Supervisory U.S. Probation Officer

PROB12CW                                                                                                    May 26, 2021

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Kevin Daniel Ceja-Cortes

2. **Docket No. (Year-Sequence-Defendant No.):** 19CR00904-001-JM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| failure to reside at the RRC | C |
| failure to report for drug testing | C |
| failure to comply with drug testing requirements | C |
| failure to report change of address | C |
| failure to report to the probation officer as instructed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                     [ IV ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                     [ 6 to 12 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| Restitution ($) | n/a | Community Confinement | n/a |
| Fine ($) | n/a | Home Detention | n/a |
| Other | n/a | Intermittent Confinement | n/a |

PROB12(C)

Name of Offender: Kevin Daniel Ceja-Cortes  May 26, 2021
Docket No.: 19CR00904-001-JM  Page 8

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable Jeffrey T. Miller
Senior U.S. District Judge

May 27, 2021
Date

rjm